## Case No. 14,490.

### UNITED STATES v. BACHELDER.

[2 Gall. 15.] [1]

Circuit Court, D. New Hampshire. May Term, 1814.

OFFICER—OATH OF OFFICE—PRESUMPTIONS—OB-STRUCTING OFFICER—INDICTMENT—STATU-TORY WORDS—PARTICULARS.

1. An officer of the customs, duly commissioned, and acting in the duties of his office, is presumed to have taken the regular oaths.

[Cited in U. S. v. Hudson, Case No. 15,412.]

[Cited in Com. v. Kane, 108 Mass. 425; Johnston v. Wilson, 2 N. H. 206; Jones v. Gibson, 1 N. H. 268; State v. Roberts, 52 N. H. 496; Sterling v. Warden, 51 N. H. 241.]

2. If the collector appoints and commissions an inspector, the approbation of the secretary of the treasury is presumed.

3. What is a sufficient allegation of a forcible impeding within the act of 2d of March, 1799, c. 128, § 71.

[Cited in Frelinghuysen v. Baldwin, 12 Fed. 397; U. S. v. Hughitt, 45 Fed. 49.]

[Distinguished in Lamberton v. State, 11 Ohio, 285.]

4. In an indictment for a statute offence, it is sufficient if the offence is substantially set forth, though not in the exact words of the statute.

[Cited in U. S. v. Quinn, Case No. 16,110; U. S. v. Hendrick, Id. 15,346.]

[Cited in Com. v. Nax, 13 Grat. 790; State v. Abbott, 31 N. H. 439. Cited in brief in State v. Chandler, 24 Mo. 371. Cited in State v. Gove, 34 N. H. 516; State v. Little, 1 Vt. 355; State v. Watson, 65 Mo. 74; Weinzorpflin v. State, 7 Blackf. 195.]

5. It is not necessary, in an indictment for resisting a public officer, to set forth the particular exercise of office, in which he was engaged, or the particular act and circumstances of obstruction.

[Cited in U. S. v. Hudson, Case No. 15,412.]

[Cited in State v. Fifield, 18 N. H. 36.]

[See Bachelder v. Moulton, Case No. 706.]

This was an indictment against the defendant for an obstruction of one Nehemiah Jones, an inspector of the customs, in the duties of his office. The indictment charged as follows: "That the said Bachelder, on the 10th day of October A. D. 1812, at Amherst, in said district, did with force and arms violently and unlawfully resist, prevent and impede Nehemiah Jones of, &c. in the execution of his office, as an officer of the customs for the port and district of Portsmouth in said New Hampshire district, he the said Nehemiah Jones, being then and there an officer of the customs as aforesaid, to wit, an inspector of said port and district of Portsmouth, duly appointed and authorized to seize goods imported into said New Hampshire district contrary to law, and being then and there in the peace of the said United States, and being also then and there in the due execution of his said office, as aforesaid, having then and there seized and holding in his possession for trial, as the duty of his office required, a certain trunk containing goods and merchandise, nineteen dozen of cotton hose, of the value, &c. as having been imported into the said United States, and into said New Hampshire district, contrary to law, and the said Bachelder then and there, with the same force and arms, did seize and wrest and carry away the said trunk containing the goods and merchandise aforesaid from the possession and custody of the said Jones, to a distant place." The defendant was arraigned and tried on the indictment at October term, 1813, and a verdict of guilty was found by the jury.

At the trial, STORY, Circuit Justice, for the court, after summing up the facts, stated to the jury, that if an officer of the customs be duly commissioned and be found acting in the duties of his office, the law presumes that he has taken the regular oaths until the contrary is shown. That if the collector of the district appoints and commissions an inspector, the consent and approbation of the secretary of the treasury, as required by the act of 2d of March, 1799, c. 128, § 21, is presumed until the contrary is shown. U. S. v. Sears [Case No. 16,247]. That if an officer of the customs has seized property as forfeited and it is tortiously taken away from him, while under his personal and immediate superintendence and custody, the law implies that the taking is forcible; and if the rescue be for the purpose of impeding or preventing him from following up his seizure and conveying the property to a place of security to wait a legal adjudication, it is a "forcible impeding" &c. within the meaning of the act of 2d of March, 1799, c. 128, § 71. That it is not necessary, on an indictment for such an offence, to prove that the property seized was actually condemned. It is sufficient if the officer were acting within the line of his duty, and his conduct be founded on probable cause of suspicion of illegal importation.

After the verdict, a motion was made in arrest of judgment for the insufficiency of the indictment; and at this term it was argued by Cutts & Mason for the defendant, and Mr. Humphreys, Dist. Atty., for the United States.

The counsel for the defendant argued, that the indictment was insufficient; because the offence was not specially set forth in the indictment, nor alleged in the language of the statute. The forms of indictments in England for obstructing custom-house officers state more specially the nature of the offence and the circumstances attending it. There is no allegation here, that the goods were illegally imported, or that the inspector had probable cause to suspect an illegal importation, or was searching for the purpose of ascertaining their character, and as

---

[1] [Reported by John Gallison, Esq.]

to the necessity of certainty in indictments they cited 4 Hawk. P. C. c. 25, § 29, &c. Further, the indictment does not allege the offence in the words of the statute. This is necessary, and the defect is fatal. 2 Hawk. P. C. c. 80, § 23. The manner and the special act of resistance ought also to have been set forth.

Mr. Humphreys, for the United States.

The indictment contains every material allegation required by the statute. It is true, that the exact words of the statute are not used, but words of the same meaning are; and it is sufficient to set forth the substance, without adhering to the technical wording of the statute. The word "violently," is equivalent to "forcibly."

STORY, Circuit Justice. The objections moved in arrest of judgment cannot prevail. It is not in general necessary, in an indictment for a statutable offence, to follow the exact wording of the statute. It is sufficient, if the offence be set forth with substantial accuracy and certainty to a reasonable intendment. The cases cited from the common law, where a different rule is supposed to prevail, do not apply. In those cases the very technical words used are those only, which constitute the specific offence. The law allows of no substitute in the indictment, because no other words are exactly descriptive of the offence. It is not necessary, in an indictment for the obstruction of public officers, to set forth the particular exercise of office, in which they were engaged at the time, or the particular act and circumstances of obstruction. These are properly matters of evidence; and so in fact are the best precedents. Cr. Cir. Comp. 161, 166, 176, 177. And this is a sufficient answer to the objection of a want of specific allegations as to any illegal importation, or just suspicion thereof. Admitting that the special statement as to these facts, in the indictment, were not sufficient; still the indictment contains a direct allegation of the substance of the offence, and the mere introduction of surplusage does not vitiate.

As to the objection, that the offence is not alleged in the words of the statute, it is certainly to be regretted, that an error, so easily avoided, should have crept in. The words of the act are, "if any person shall forcibly resist, prevent or impede, any officers of the customs, &c. in the execution of their duty," &c. The averment in the indictment is, that the defendant "did with force and arms violently and unlawfully resist, prevent and impede," &c. Now, even supposing that "violently and unlawfully" are not equivalent with "forcibly," still the objection must be overruled, for "forcibly" doing an act is merely doing an act with force; and therefore the offence is substantially stated. Judgment must therefore be entered on the indictment. Judgment against the defendant.