### THE STATE vs. HENDERSON & POWERS.

1. An indictment for obstructing process must recite the writ, in order that the court may see that it was such a writ as the officer had a right to execute.

### ERROR to Newton Circuit Court.

GARDENHIRE, Attorney General, for the State.

The question in this case is as to the sufficiency of the indictment. It is framed on the 18th section of the 5th article of the act concerning crimes and punishments, R. S. 381. To constitute an offence under this section, three things are essential, first, a knowing and wilful opposition to a ministerial officer; second, in the execution of process, and third, in a civil and criminal case. The indictment charges a knowing and wilful opposition to the constable of a particular township, while in the execution of a particular process, and the name of the justice who issued it, and of the plaintiff and defendant, and the character of the case are also set out. What more the indictment ought to contain I know not, if any thing; for what reason I know not. It keeps close to the words of the statute, and seems to me to be sufficient. See form of indictment for assaulting a constable in the execution of his office: 3 Chitty C. L. 831 and 2, ib. 144-5 note (a) in which it is said that it is not necessary to state that the party to be arrested was guilty of any offence or owed any debt, or that any affidavit of debt was made: 3 T. R. 185.

RYLAND, J., delivered the opinion of the court.

The defendants, John Henderson and Joseph Powers, were indicted at the April term, 1850, of the circuit court for the county of Newton, for opposing the execution of civil process.

The defendants entered their appearance to the indictment, and moved the court to quash it. This motion the court sustained, and the State, by the circuit attorney, excepted, filed her bill of exceptions and brings the case here by writ of error.

The sufficiency of the indictment is the only point before us. This

The State vs. Henderson & Powers.

indictment alleges "that John Henderson and Joseph Powers, late of said county, heretofore, to wit: on the 28th day of October, A. D., 1849, at the county of Newton and State of Missouri, with force and arms did then and there unlawfully, knowingly and wilfully oppose one Isaac Gibson, a constable of Neosho township, Newton county, Missouri, in his official duties as such; to wit: in the execution of a writ of attachment issued by one Mark A. Garrison, a justice of the peace for said county and township, against the property of one James Boyd, in favor of one Lemuel Heanell, contrary," &c.

This indictment is framed under the 18th section, V article of act concerning Crimes and Punishments, Digest 1845, which declares "if any person or persons shall knowingly and wilfully obstruct, resist or oppose any sheriff, or any other ministerial officer in the service or execution, or in the attempt to serve or execute any writ, warrant or process, original or judicial, or in the discharge of any other duty in any case civil or criminal, other than felony, or in the service or attempt to serve any order or rule of court in any case, every person so offending shall, on conviction, be adjudged guilty of a misdemeanor and be punished," &c.

The objections urged below to the indictment are, that no offence is charged with that certainty that is required by law, and that the indictment, on its face, is defective and insufficient.

We think the objections are well taken, and that the court below properly sustained the motion to quash.

The indictment should have recited the writ of which the defendants are charged to have opposed the execution, in order that the court might see that it was such a writ as the constable had by law a right to execute.

The indictment is much too general; it should have specified with more particularity the writ. The offence consists in opposing the execution of process authorised by law; it becomes necessary then, in all such cases, so to state or recite the process, that the courts may see that the officer opposed or obstructed had the legal authority to execute the process in question. The other judges concurring, the judgment below is affirmed.