# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1855.

---

## TERRITORY OF NEW MEXICO v. MARCELINO SEVAILLES.

INDICTMENT FOR ASSAULT WITH INTENT TO KILL.—An indictment for an assault with intent to kill is insufficient unless it avers that the assault was committed with a deadly weapon and with every ingredient necessary to have constituted the crime of murder if death had ensued.

CAPTION OF INDICTMENT, SUFFICIENCY OF.—Every caption of an indictment ought to show that it was found by a grand jury of the proper county; and where the indictment describes the grand jurors as "the grand jurors of the territory of New Mexico, inquiring for the county of San Miguel," etc., without showing that they were chosen, impaneled, and sworn for the county, it is insufficient. *Contra*, Brocchus, J., dissenting.

DEFECTIVE CAPTION SUPPLIED BY THE RECORD, WHEN.—Deficiencies in the caption of an indictment may be supplied by the record in some cases, but if the caption undertakes to describe the grand jurors, it must give a full and legal description.

OMISSION OF AVERMENT THAT GRAND JURORS SWORN.—Where an indictment does not state that the grand jurors were impaneled and sworn, but says that they "on their oath do present," it is sufficient. *Per* Brocchus, J., dissenting.

STATUTABLE OFFENSE, HOW CHARGED.—An indictment for a statutable offense need not set it out in the words of the statute, but may use equivalent words. *Per* Brocchus, J., dissenting.

KNIFE, A DEADLY WEAPON.—An indictment averring an assault with a knife with intent to kill is sufficient, though not stating the knife to be a deadly weapon. *Per* Brocchus, J., dissenting.

AVERMENT THAT ASSAILANT WAS IN STRIKING DISTANCE.—The absence of an averment in such an indictment that the assault was made within striking distance does not render it insufficient. *Per* Brocchus, J., dissenting.

Appeal from San Miguel county. The opinions of the judges state the case.

*W. W. H. Davis, attorney-general,* for the territory.

*Watts and Ashurst, contra.*

By the Court, Deavenport, C. J.: ·

The only, points involved in this case are in .reference to the sufficiency of the indictment. In the district court of the county of San Miguel, the defendant was put upon his trial, a verdict of guilty found, and his punishment assessed at a fine of fifty dollars. Thereupon the defendant moved in arrest of judgment, which the court below sustained, and the territory, by its proper officer, prayed for and obtained an appeal to this court. The defendant was indicted under the seventh section, third article, concerning crimes and punishments under the Kearny code, p. 63, which is as follows: "Every person who shall be convicted of shooting or stabbing another on purpose, or of assaulting or beating another with a deadly weapon, with intent to kill, maim, rob, or ravish such person, or to commit any other crime, shall be imprisoned not exceeding seven years nor less than two years." The character of the punishment inflicted by the statute constitutes the offense a felony. This offense being a felony, let us test this indictment by the law governing that class of offenses.

It is laid down by Mr. Justice Thompson in the case of *The United States* v. *Mills,* 7 Pet. 142, as a general rule, "that in indictments for misdemeanors created by statute, it is sufficient to charge the offense in the words of the statute." Here is not that technical exactness required as to form which seems to have been adopted and sanctioned by long practice in cases of felony, and with respect to some crimes where particular words must be used, and no other words, however synonymous they may seem, can be substituted. We hold that under this statute the offense should have been charged, not only with the averment that the assault was committed with a deadly weapon,

but also with every necessary ingredient which would have constituted it murder had the assault resulted in death. In every well-regulated government punishments can only be inflicted under the law, through the instrumentality of the judicial departments. The organic law provides that no citizen of the United States shall be deprived of his life, liberty, or property in this territory except by the judgment of his peers and the law of the land. . The accused had a right to be tried by the laws of the land, and according to the well-established forms of law, and we hold that neither courts nor officers of the law are authorized to overstep the one or disregard the other in order to reach offenders. The law and its well-established and long-sanctioned forms, if put into requisition, are fully adequate to reach and punish crime. The defendant, however guilty he may have been, could only have been convicted according to law. It is the province of the courts to pursue and punish offenders by the law and under the law, and if sometimes the guilty escape, it constitutes no reason for a departure from the plain path of duty. It is laid down as a rule in criminal proceedings that nothing shall be done within the discretion of the court to the prejudice of the defendant, and hence, in some instances where his interest may possibly be injuriously affected by an order, his consent is necessary. So regardful of his rights are the court that they will not encourage, or indeed suffer, him to assent to that which is manifestly to his prejudice. In some respects the courts are said to be the counsel of the prisoner: *United States* v. *Shoemaker*, 2 McLean, 121. These opinions, entertained and upheld by the highest authority, indicate with unerring certainty the plain path of duty marked out for the courts to tread. There is no license given to suppress crime save by legal authority. Keeping in view these principles, and being fully alive to the great abhorrence in which the benignity of the law holds the punishment of an innocent man, we can not hold ourselves authorized to punish the guilty, except the law and its well-established principles sanction it.

There is one other objection, and that is to the sufficiency

of its caption. Every caption of an indictment ought to show that the indictors were of the precinct for which the court was holden: *Vide* 5 Bac. Abr. 93. The caption of an indictment must show with sufficient certainty the style of the court, the judge presiding, the place at which the indictment was found, and the grand jurors by whom it was found: 5 How. (Miss.) 20. This indictment only describes the grand jurors as the grand jurors of the territory of New Mexico inquiring for the county of San Miguel, etc. It does not show that they were chosen, impaneled, and sworn for the county. They may have been chosen, impaneled, and sworn in any other county, as far as the caption gives information to the defendant. It is true that the record may supply deficiencies in the caption in some cases, but it is conceived that if the caption undertakes to describe the grand jurors, that the law will require the territory to make a full and legal description. In conclusion, we will state, that the indictment should have been framed so far as the statute defines the offense under the law existing at the time the offense was committed. Let the judgment of the court below be affirmed.

BROCCHUS, J., dissenting:

The objections to the indictment are, first, it does not allege that the grand jurors were impaneled and sworn. The words used are "on their oath do present," and it would seem that they are sufficient. Starkie says: "It has been holden in some instances that the words 'present upon their oath' supply the place of sworn and charged, and probably this would be holden sufficient in all cases:" 1 Stark. Crim. Pl. 236–237; also in the case of *State* v. *Nixon,* 18 Vt. 70. The second objection is that it is not alleged that the grand jurors are for the territory of New Mexico. The caption of the indictment sets forth that the grand jurors were of the territory of New Mexico, inquiring for the county of San Miguel, which is equivalent. The setting forth of the territory of New Mexico and county of San Miguel in the margin, with allusion thereto in the body of the indictment, would have been sufficient: 1 Stark. Crim.

Pl. 237; 1 Chit. Crim. L. 1–35; 18 Vt. 70.  The third objection is that there is no venue to the assault.  The fallacy of that objection is so obvious that I shall pass it over without further remark than that the venue is so clearly laid that the accused, if endowed with ordinary apprehension, could not have failed to recognize it.  The fourth objection is that the indictment does not charge the assault to have been made unlawfully, feloniously, or with malice aforethought. This objection I conceive to be entirely groundless, for language could not more adequately express the idea of unlawfulness, feloniousness, and malice aforethought than the words employed for that purpose in the indictment.

The fifth objection is, that the indictment does not aver that the knife with which the assault is alleged to have been made was a deadly weapon; and also that it does not allege that the assault was made within striking distance.  Although the statute under which the indictment must have been framed, makes the offense an assault with intent to kill with a deadly weapon, yet, nevertheless, it is sufficient if the words of the indictment are such as, according to a reasonable intendment, would convey the idea or meaning of the statute.  The gravamen of the charge is the assault with intent to kill, and the description of the instrument used in the assault, if such as to represent a deadly weapon, would undoubtedly be sufficient, inasmuch as the character of the assault and the intent of the accused were fully set forth.  It is not in general necessary in an indictment for a statutable offense to follow the exact words of the statute: 2 Gall. 15.  In an indictment for a statutable offense the offense need not be set out in the words of the statute. It is sufficient if the words used in the description of the offense are equivalent to those used in the statute: *State* v. *Bullock*, 13 Ala. 413.  It is alleged in the indictment that the assault was made with a knife.  As a general thing a knife is a deadly weapon, and more especially so when sought to be converted into purposes of personal violence. If the weapon used had been a dirk, or a pistol loaded with powder and ball, there can be no doubt that an allegation to that effect would have satisfied the statutes.  Any knife,

such as commonly in use, even such a one as a gentleman would carry in his pocket for the harmless purpose of making pens, might readily be used as a deadly weapon by the severance of the jugular vein, or by being pierced through the bosom to the heart. I can entertain no doubt of the perfect sufficiency of the words of the indictment to meet the requirements of the statute under which it was drawn. As to the objection that it was not alleged that the assault was made within striking distance, I conceive it to be entirely groundless. It was not necessary that any such allegation should have been made. The charge of assault with intent to kill raises the presumption that the assailant was within sufficient proximity to the accused to enable him to accomplish his purpose, or make him amenable to the offended law for the attempt.

While we should see that persons charged with crime are duly notified and warned of the offense with which they stand charged, in order that they may duly prepare for their defense, it is not the duty of the courts to require on their behalf a more liberal construction of the forms of proceeding against them than will fully answer that purpose. Mr. Justice Hale holds the following language in regard to the rigid construction of indictments: "In favor of life, great strictness has at all times been required in point of indictments, and the truth is that it is grown to be a blemish and inconvenience in the law and the administration thereof. More offenders escape by the over-easy ear given to exceptions in indictments than by their own innocence; and many gross murders, burglaries, robberies, and other heinous offenses, escape by these unseemly niceties, to the reproach of the law, to the shame of the government, to the encouragement of villainy, and to the dishonor of God:" 2 Hale, 193. We should profit by the wise example of that lamented sage of jurisprudence, and while acting in the high and responsible character of guardians of the public peace, aim rather to find how the guilty shall be brought to condign punishment, than seek by lenient and charitable constructions to release them from the hands

---

---

of the law or enfeeble the administration of public justice. In this case the indictment was amply sufficient for the purpose for which it was drawn, and the court below erred in arresting the judgment.