### J. H. HORAN ET AL. *v.* THE STATE.

PREVENTING EXECUTION OF CIVIL PROCESS — RESISTING OFFICER IN EXECUTING SUCH PROCESS. — Indictment charged the appellants in one count with the offence of preventing or defeating execution of civil process, as defined in the Penal Code, art. 327, and in a second count with the offence of resisting or opposing an officer in the execution of such process, as defined in the Penal Code, art. 333. Neither count averred the particular mode by which the offence was committed, nor alleged that the appellants knew the capacity in which the officer was acting. *Held,* that without these averments the indictment is fatally defective in substance, and the cause is dismissed. *Quære:* Was it necessary that the indictment should have set out the process *in hæc verba?* See the opinion in full on these questions.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

The opinion sets out so much of the indictment as subserves all purposes. J. H. Horan, Roy Bean, and Bethel Coopwood were the defendants. The record shows that they claimed to have acted under authority of a writ of possession which emanated from the United States Circuit Court at Austin, of which Horan was a deputy-marshal. The jury found all three guilty, and assessed against Horan and Coopwood a fine of $250 each, and against Bean a fine of $5.

*F. W. Chandler, Fred. Carleton,* and *Bethel Coopwood,* for the appellants.

*George McCormick,* Attorney-General, for the State.

Winkler, J.     There are apparently two counts in the indictment.    The first count charges that the appellants, "on the tenth day of the month of July, in the year of our Lord one thousand eight hundred and seventy-five, in said county of Bexar and State of Texas, did unlawfully, wilfully, and forcibly prevent and defeat the execution of legal process legally issued by the clerk of the District Court of Bexar County and directed to the sheriff of Bexar County, said legal process being a writ of sequestration directing and commanding the sheriff of Bexar County to take possession of a certain tract of land in said writ of sequestration mentioned, and described in said writ of sequestration in the civil cause styled *Pierre Odet* v. *James E. Chandler et al.,* and numbered 5,127 on the civil docket of the District Court of Bexar County, and which land was then in the legal possession and control of H. D. Bonnett, sheriff of Bexar County, and of his legal deputies, agents, and employees, and which writ of sequestration had been issued by and under lawful authority, and was a valid and lawful legal process, and which was then in the hands of the said H. D. Bonnett, sheriff as aforesaid, and was then and there being executed by the said H. D. Bonnett, sheriff as aforesaid, his legal deputies, agents, and employees as aforesaid, in the manner as the said H. D. Bonnett, sheriff as aforesaid, had been directed by the said writ of sequestration, and under and by virtue of which writ of sequestration, issued out of the District Court of Bexar County as aforesaid, by the clerk of said District Court of Bexar County as aforesaid, and directed to the said sheriff of Bexar County as aforesaid, he, the said H. D. Bonnett, sheriff of the said county of Bexar, had taken possession of said land, and then was,

by and through his legal deputies, agents, and employees, in the actual, peaceable, and lawful possession of said land mentioned and described in said writ of sequestration, under and by virtue of said writ of sequestration so lawfully issued to the said sheriff as aforesaid, and the said H. D. Bonnett, sheriff as aforesaid, his legal deputies, agents, and employees, having the lawful possession of said land, the said [defendants, naming them], with force and arms in their hands, then and there had and held at and towards the said H. D. Bonnett, sheriff as aforesaid, his legal deputies, agents, and employees as aforesaid, did prevent and defeat the execution of the said legal process, so lawfully issued and being executed by the said H. D. Bonnett, sheriff as aforesaid, his legal deputies, agents, and employees as aforesaid.''

The second count charges that the said defendants (naming them), '' on the day first aforesaid, in the year aforesaid, in the county aforesaid, did unlawfully, wilfully, and forcibly resist and oppose an officer in executing and attempting to execute a process in a civil cause, to wit: H. D. Bonnett, sheriff of Bexar County, his legal deputies, agents, and employees, in executing and attempting to execute a lawful process in a civil cause, legally issued by the clerk of the District Court of Bexar County and directed to the sheriff of Bexar County;'' and going on to describe the writ substantially, and the civil suit in which it had been issued, as in the first count. It then proceeds as follows: ''And which land was then in the legal possession and control of H. D. Bonnett, sheriff as aforesaid, and of his legal deputies, agents, and employees, and which writ of sequestration had been issued by and under lawful authority, and was a valid and lawful legal process, and which was then in the hands of the said H. D. Bonnett, sheriff as aforesaid, his legal deputies, agents, and employees as aforesaid, in the manner as the said H. D. Bonnett as aforesaid had been directed by said writ of sequestration, and under and by virtue of

which writ of sequestration, issued out of the District Court of Bexar County by the clerk of said District Court as aforesaid, and directed to the said H. D. Bonnett, sheriff of Bexar County as aforesaid, he, the said H. D. Bonnett, sheriff as aforesaid of said Bexar County, had taken possession of said land, and then was, by and through his legal deputies, agents, and employees, in the actual, peaceable, and lawful possession of said land mentioned and described in said writ of sequestration, under and by virtue of said writ of sequestration so lawfully issued to the said sheriff as aforesaid, and the said H. D. Bonnett, his deputies, agents, and employees as aforesaid, having the lawful possession of said land, the said [defendants, naming them], with force and arms in their hands, then and there had and held at and towards the said H. D. Bonnett, sheriff of Bexar County as aforesaid, his legal deputies, agents, and employees as aforesaid, did unlawfully, wilfully, and forcibly resist and oppose him, the said H. D. Bonnett as aforesaid, his legal deputies, agents, and employees," contrary, etc.

It is evident that the pleader, in preparing the indictment, intended in the two counts to charge two offences set out in two articles of the Penal Code, and which are as follows, to wit: —

" Art. 216. If any person shall prevent or defeat the execution of any process in a civil cause, by any means not amounting to actual resistance, but which are calculated to prevent the execution of such process, he shall be punished by fine not exceeding five hundred dollars; evading the execution of said process is not an offence under this article." " Art. 221. If any person shall wilfully resist or oppose an officer in executing, or attempting to execute, any process in a civil cause, he shall be fined not exceeding five hundred dollars; and if arms be used in such resistance, the punishment shall be doubled."

It is not unworthy of notice, in this connection, to note

that there are various articles of the Penal Code which provide for the punishment of those who shall wilfully oppose or resist an officer in executing, or attempting to execute, a warrant for the arrest of another person, in cases of felony or in cases of misdemeanor, as arts. 219 and 220 ; yet it is believed that arts. 216 and 221 are the only articles known to our law which by their terms would support a criminal prosecution for interfering in order to oppose or prevent the execution of civil process, as such, emanating from an officer or court in a civil cause. So that the legality of the proceeding under consideration, and the sufficiency of the indictment, must be tested by the provisions of these two articles of the Penal Code.

Several exceptions were taken in the court below to the sufficiency of the indictment, which were by the court overruled, and the action reserved by bill of exceptions, and which have been followed up in the motion for a new trial, and made the principal ground in a motion in arrest of judgment. The ruling is also assigned as error ; so that the sufficiency or otherwise of the indictment is the first question which claims our attention.

It is admitted in the outset that the question is by no means free from difficulty and embarrassment, and in our search for light among the adjudicated cases we cannot better express our situation than by making the following quotation from Mr. Bishop, who says, in vol. 2, sect. 893, of his work on Criminal Procedure : " The varying views of courts upon these points will best appear in the digest appended in note 1. The particular cases are only differing manifestations, or differing opinions upon the manifestations, of the general principle that the indictment must show so much of fact as to make the offence affirmatively appear to the judicial understanding." This virtually sends us back to the provisions of our own Code of Criminal Procedure for the essentials of an indictment, and to see if we can there find a rule by which to solve the problem here presented for solution.

We quote from the Code: "Art. 419. An indictment is a written statement of a grand jury, accusing a person therein named of some act or omission which, by law, is declared to be an offence." The essential requisites of an indictment are particularly enumerated and set out in art. 420, the seventh of which is that "the offence must be set forth in plain and intelligible words." "Art. 421. Every thing should be stated in an indictment which it is necessary to prove, but that which it is not necessary to prove need not be stated."

Among the special exceptions taken to the indictment are the following: 1. That it does not appear from the face of the indictment that any offence against the law was committed by the defendant. 2. It (the indictment) does not set forth the offence in plain and intelligible words, but, to the contrary, it is vague, indefinite, and uncertain. 3. It attempts to charge two separate and distinct offences. 5. After alleging the possession of the officer under the alleged process, it does not aver that the defendants ousted him from, or in any manner interfered with, his possession of the lands, or in any manner hindered, prevented, or resisted him, the officer, in the execution of the alleged process as to or upon the land against which the process is alleged to have been issued. Several other special exceptions are set out, some going to the entire indictment and others to each one of the different counts; the seventeenth is that neither of the counts state the acts and circumstances constituting an offence, but, to the contrary, both of the counts state conclusions. It is not proposed to discuss these exceptions *seriatim*, but only to show their general nature and bearing, and their applicability to such rules as we find so supported by authority as to, in some degree at least, furnish a guide in determining whether the exceptions to the indictment are well taken or not.

It is worthy of observation in this connection that in the indictment under consideration, at the time at which it is charged in the first count that the defendants "did unlaw-

fully, wilfully, and forcibly prevent and defeat the execution''
of the process mentioned, as well as at the time when it is
averred in the second count that the defendants '' did unlaw-
fully, wilfully, and forcibly resist and oppose an officer in
executing, and attempting to execute, a process in a civil
cause,'' it is also averred in each count in the indictment
that the sheriff to whom it is averred the process had
been directed, his deputies, agents, and employees, were
lawfully and peaceably in possession of the property em-
braced in the very writ which it is averred the defendants
hindered and opposed the officer in executing and attempt-
ing to execute.   It should be noted further that the only
attempt in either count to state the acts of opposition and
resistance is to the effect that they resisted and opposed the
sheriff, and the other classes of persons named, '' with arms
in their hands, then and there had and held at and towards ''
the sheriff and others.   It has already been intimated that
we have had some difficulty in finding analogous cases which
furnish rules for the solution of the question before us.
In the limited time we have had to pursue our investigations,
we have not found entire harmony in the authorities exam-
ined on the subject of what it is necessary for an indictment
to set out in an indictment for resisting an officer in the
execution of process in a civil cause, and which is the
precise question here to be determined.   We do not pro-
pose to discuss and contrast the authorities examined, but
only to make reference to and citations from such accessible
authorities as appear to afford us the best guides in arriving
at a conclusion.

With us it is recognized as a general rule that it is suffi-
ciently certain to describe an offence in an indictment in
the language of the act creating the offence ; but that
there are cases where greater particularity is required,
either from the obvious intention of the Legislature or
from the application of known principles of law.   *White*
v. *The State*, 3 Texas Ct. App. 605, and authorities cited.

In White's case, which was on a statutory offence, it was further deduced from the authorities cited, as follows: "Certainty is as to the matter charged and the manner of charging it. The things necessary to the description of the crime must be stated. As to the matter charged, whatever circumstances are necessary to constitute the crime imputed must be set out. It is otherwise when the crime alleged is such independently of the circumstances; for then they may aggravate but cannot constitute the offence. In all cases those averments which are descriptive of the crime must be introduced upon the record by averment, in opposition to argument or inference." To this extent there in no room for controversy.

Warden, J., in *Faris* v. *The State*, 3 Ohio St. 159, in delivering the opinion, discusses somewhat at length the adjudications of that and some other States, though mainly on a different branch of the subject from that we are considering. Still he treats somewhat of the necessary averments in an indictment for resisting an officer in the execution of process, and reviews, among other cases, that of *The State* v. *Downer*, 8 Vt. 424, not now accessible to us, but from which Judge Warden makes a quotation not inapplicable, and which we reproduce: "The process should have been so far set forth that the court could see that it was legal, and that the officer had authority to serve it. All the authorities, too, concur in requiring that the bill should contain an allegation of the particular mode of resisting the officer. And no doubt the mode in which the process was attempted to be executed should be specifically set forth. And it should be alleged that the respondents knew of the character in which the officer claimed to act." In speaking of the counts in Faris's case, where there were several counts in the indictment, the court say these counts are certainly not bad for duplicity; their defects are of an opposite character; they probably do not contain enough to satisfy the law of criminal pleading. The

process it was there charged had been resisted was a writ of *fieri facias*, and which was set out in one count of the indictment. In the case there was a count for a simple assault and battery, and on a general verdict the conviction was sustained, apparently on the idea that the count for assault and battery was not defective; but the court said they did not feel obliged, in that case, to fix the absolutely necessary requisites of an indictment for resisting an officer.

In *The State* v. *Henderson and Powers*, 15 Mo. 486, the attorney-general argued that the indictment was sufficient, saying: "It keeps close to the words of the statute, and seems to me to be sufficient;" and he cited the form of indictment for assaulting a constable in the execution of his office. 3 Chitty's Cr. Law, 831; 2 id. 144, 145, note *a*, in which he says it is said that it is not necessary to state that the party to be arrested was guilty of any offence or owed any debt, or that any affidavit of the debt was made. But the court (Ryland, J.) said: "The indictment should have recited the writ of which the defendants are charged to have opposed the execution, in order that the court might see that it was such a writ as the constable had by law a right to execute."

In *The Commonwealth* v. *Israel*, 4 Leigh, in an indictment at common law, charging a defendant with rescuing property distrained by a sheriff for public dues, from a bailee to whose safe-keeping the sheriff had committed it, without charging that the defendant knew in what right the bailee held it, it was held that the indictment was defective for not averring that the defendant had such knowledge, and that the defect in the indictment was not cured by verdict or by the statute of jeofails in criminal cases. See also *Lamberton* v. *The State of Ohio*, 11 Ohio, 282, where the prosecution relied on *Bachelder's Case*, 2 Gall. 15, to sustain an indictment for resisting a sheriff. The court said: "But it is said the case of *The United States* v. *Bachelder*,

2 Gall. 15, will sustain this indictment. If it would, I would overrule it, for it could not stand without violating the spirit of our Bill of Rights."

Without pursuing this inquiry further, we are of opinion that, by a proper application of the above authorities to the peculiar features of the case before us, the indictment is defective and insufficient in that it does not charge by proper averment the particular *mode* by which the sheriff and his deputies were opposed or resisted, and because it does not aver that the defendants *knew* the capacity in which the officer acted, or pretended to act, in the execution of the writ of sequestration mentioned in the indictment.

Taking this view of the case, it is unnecessary that we notice the other questions presented by the record. For the reason that the indictment is insufficient to state the offence, the judgment is reversed and the case is dismissed.

*Reversed and dismissed.*