FRELINGHUYSEN, Receiver, etc., v. BALDWIN and others.

(*District Court, D. New Jersey.* June 3, 1882.)

JURISDICTION—RECEIVERS AS OFFICERS OF UNITED STATES.

A receiver of a national bank is an officer of the United States, and as such may sue in the federal courts in the district in which such bank is located.

Demurrer to Plea.

*A. Q. Keasbey,* U. S. Dist. Atty., for receiver.

*Courtlandt & R. Wayne Parker,* for defendants.

NIXON, D. J. This case arises upon demurrer to a plea. Frederick Frelinghuysen, the receiver of the Mechanics' National Bank of Newark, has brought suit against Oscar L. Baldwin, the late cashier, and his sureties upon their bond to the corporation conditioned for the faithful discharge of his duties as cashier. The plea demurred to avers that all the parties to the bond are citizens of the state of New Jersey, and that the court has no jurisdiction in such a case. By the provisions of the national banking act the comptroller of the currency is authorized, with the concurrence of the secretary of the treasury, under certain circumstances not necessary to be here stated, to appoint a receiver to wind up the affairs of the association. Section 5191 of the Revised Statutes. Such receiver, after giving the bond and security required by the comptroller, takes possession of the books, records, and assets of every description of the association; collects all debts, dues, and claims belonging to it; and under the direction of a court of competent jurisdiction may sell or compound all bad or doubtful debts, and dispose of all the real and personal

property; and, when necessary to pay the debts of the association, may enforce the individual liability of the stockholders. His duties are to convert all the assets into money and to pay the same to the treasurer of the United States, subject to the order of the comptroller, and to make report to that officer of all his proceedings. Section 5234. He is thus the agent of the United States for the performance of specified duties, and by section 380 of the Revised Statutes all his suits should be conducted by the district attorney of the United States for the district in which they are pending.

The discharge of these duties necessarily implies the right of appealing to some court for aid; and the question raised by the demurrer is whether he may go in his own name into the district or circuit court of the United States for the collection of the debts or claims of the association. The fourth subdivision of section 563 of the Revised Statutes confers upon the district courts jurisdiction of all suits at common law brought by the United States, or by any officer thereof authorized by a law of congress to sue. This is a substantial re-enactment of the fourth section of the act of March 3, 1815. The present suit is one at common law, instituted by a receiver, who is authorized by law to sue. He is clearly within the statute, if he is, in any proper sense, an officer of the government. Receivers are always regarded as officers of some sort. When appointed by a court they are the officers of the court. When appointed by lawful authority to do the work which congress charged the government to perform, why should they not be considered officers of the government? The second subdivision of the second section of the second article of the constitution of the United States has reference to the appointment of officers of the United States, and the last clause authorizes congress by law to vest the appointment of such inferior officers as they think proper in the president alone, in the courts of law, or in the heads of departments. The secretary of the treasury is the head of the treasury department. Section 233. By section 324 the comptroller of the currency is the chief officer of a bureau of the treasury department, charged with the execution of all laws passed by congress relating to the issue and regulation of a national currency, secured by United States bonds. This officer, in cases of the insolvency of the association, appoints a receiver, through whose instrumentality the assets are turned into the treasury of the United States; but the comptroller performs this, as well as all other duties, under the general direction of the secretary of the treasury.

It is difficult to perceive on principle why appointments thus made are not appointments by the head of a department of the government, and why persons thus designated and charged with the performance of such duties should not be regarded as officers of the United States. The decisions of the supreme court, under analogous statutes, passed years before the one under consideration was enacted, afford us material aid in determining the question.

By the twenty-first section of the act of March 2, 1799, (section 2621 of the Revised Statutes,) the collectors of customs are authorized, with the approbation of the secretary of the treasury, to employ proper persons as "weighers, gaugers, measurers, and inspectors," and the courts have uniformly held that the congress, by such an enactment, was exercising its constitutional power of vesting by law in the head of a department the appointment of officers of the government. *U. S.* v. *Sears,* 1 Gall. 221; *U. S.* v. *Bachelder,* 2 Gall. 15; *Sanford* v. *Boyd,* 2 Cranch, C. C. 78; *U. S.* v. *Barton,* Gilp. 439. Again, by the sub-treasury act of August 6, 1846, congress empowered the president to nominate and appoint four assistant treasurers of the United States, one of whom was to be located at the city of Boston, in the state of Massachusetts. By the general appropriation act of July 23, 1866, such assistant treasurer was authorized to appoint, with the approbation of the secretary of the treasury, certain clerks in the office for the safe-keeping, transferring, and disbursing the public moneys. It was held by the supreme court in *U. S.* v. *Hartwell,* 6 Wall. 385, that such clerks were officers of the United States, and were subject to all the penalties prescribed by the law against officers for the loaning to third persons any portion of the public moneys entrusted to them for safe-keeping. But in the present case we are not left to the analogies of other acts. It has been expressly decided, in every instance where the question has been raised and discussed, that receivers appointed under the national banking act are officers of the government, and as such are entitled under the specific provisions of law to sue. Thus in *Platt* v. *Beach,* 2 Ben. 303, after full argument and due deliberation, Judge Benedict, of the eastern district of New York, came to the conclusion that the receiver was an officer of the United States, and hence was competent to maintain actions at common law in the federal courts for the collection of claims due to the association at the date of his appointment. He has been followed by Judge Blatchford, in the southern district, in the case of *Stanton* v. *Wilkeson,* 8 Ben. 357.

In *Kennedy* v. *Gibson,* 8 Wall. 498, the plaintiff resided in New York, and was the receiver of the Merchants' National Bank of

Washington, and brought his suit against certain stockholders in the circuit court of the United States for the district of Maryland. It is conceded that the case turned upon other matters, and that the question involved here was not necessarily before the court in that case. But Mr. Justice Swayne, speaking for the whole court, in the conclusion of the opinion says:

"The fifty-ninth section directs that 'all suits and proceedings arising out of the provisions of this act, in which the United States or its officers or agents shall be parties, shall be conducted by the district attorneys of the several districts, under the direction and supervision of the solicitor of the treasury.' Considering this section in connection with the succeeding section, the implication is clear that receivers also may sue in the courts of the United States by virtue of the act, *without reference to the locality of their personal citizenship.*"

Two years afterwards the late Justice Clifford, in delivering the opinion of the same court in the *Bank of Bethel* v. *Pahquioque Bank,* 14 Wall. 401, took occasion, as it would seem unnecessarily, to go out of his way to allude to and reiterate the correctness of the rule thus stated.

The demurrer to the plea is sustained, with costs. The defendants have leave to plead within twenty days.