State v. Ostmann.

## STATE OF MISSOURI, Respondent, v. OSTMANN et al., Appellants.

### St. Louis Court of Appeals, December 11, 1906.

1. **PRACTICE IN CRIMINAL CASES: Obstructing Officer: Information.** An information which charged the defendants with obstructing a constable in the service of process, and of beating and assaulting him, was sufficient to sustain a verdict of guilty, although the charge for obstructing the service of process was insufficient to charge that offense; the verdict did not specify of which offense the defendants were found guilty and the punishment was such as might be assessed for assault.

2. ———: **Information: Affidavit.** Under section 2749, Revised Statutes of 1899, an information filed before a justice of the peace, signed by the prosecuting attorney in his official capacity, is sufficient though not verified by him, especially if accompanied by the affidavit of another person.

3. ———: ———: **Collateral Attack.** An information charging defendants with obstructing an officer in the service of process, the levy of a fee bill, can not be held bad on a collateral attack on the ground that it fails to show by the return on the fee bill that demand was first made before the attempted levy.

Appeal from St. Charles Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*W. H. Clopton* and *Thomas B. Harvey* for appellants.

(1) The information does not allege that the prosecuting attorney preferred the charge "under his oath of office." Section 2750 so demands. And aside from the mandate of the statute, the term "information" requires such allegation. The information authorized by article 2, sec. 12, of the Constitution, is one sufficient at common law. State v. Klem, 79 Mo. 515; State v. Briscoe, 80 Mo. 643; State v. Anderson, 84 Mo. 524; State v.

Fletchall, 31 Mo. App. 296.   (2)   An information dis-
closing on its face that it is based upon a complaint, will
be presumed to be founded upon said complaint only,
and not upon the belief, etc., of the prosecuting attor-
ney. State v. Whitaker, 75 Mo. App. 184; State v. Fuser,
75 Mo. App. 263.   And the information, when founded
on a complaint, must set forth the same crime as the one
charged in the complaint, or a grade of said crime. State
v. Luman, 66 Mo. App. 472; State v. Cornell, 45 Mo.
App. 94; State v. Washington, 78 Mo. App. 659.

*Theodore Bruere* for respondent.

GOODE, J.—The appellants' bill of exceptions not
having been filed in the time allowed by the circuit court,
we shall confine our examination of the errors assigned
to those going to the record proper.   The information
is challenged as fatally defective.   It accuses the appel-
lants of having obstructed, resisted and opposed a con-
stable of St. Charles county in the service of an execu-
tion and in the attempt to serve, execute and levy an
execution by unlawfully, willfully, knowingly and by
force and violence assaulting and beating him whilst
in the discharge of his official duty.   The process under
which the constable acted is recited in full in the infor-
mation and instead of being an execution as charged,
it was a fee bill for costs that accrued in the case of
State v. Henry Ostmann, who was the husband of one
of the defendants and the father of the other two.   In
informations for obstructing an officer in the service of
process, the process ought to be recited, as was done in
the present instance, in order that the court may see
if it was a kind the officer had a right to execute. [State
v. Henderson, 15 Mo. 486.]   The information in all its
charging clauses speaks of the process as an execution,
and appellants insist these averments were so repugnant
to the truth, as shown by the copy of the writ, as to

make the information invalid. If this position were well taken we could not reverse the judgment on that account. It is alleged appellants knew the character in which the officer was acting, and as they are charged with having obstructed him in serving the writ and beating and assaulting him, the information is good for an assault at common law or under the general statute for breach of the peace. [State v. Phipps, 34 Mo. App. 400, and cases cited therein.] Appellants were punished by fines such as might be assessed for an assault or breach of the peace, the verdict being guilty without specifying the offense.

Another point made against the validity of the information is the omission of the prosecuting attorney to verify it by affidavit. A formal affidavit was filed with the prosecuting attorney by Albert Meyer, the assaulted official, and the information recites the fact and, further, that Meyer's complaint was filed with the information. This procedure is authorized by section 2749 of the Revised Statutes of 1899. The information, signed and filed by the prosecuting attorney in his official capacity, is good as an information before a justice of the peace; probably would have been good if not accompanied by the affidavit of the constable. [State v. Ransberger, 106 Mo. 135, 17 S. W. 290; State v. Parker, 39 Mo. App. 116; State v. Haley, 52 Mo. App. 520; State v. Davidson, 44 Mo. App. 513; State v. Sweeney, 56 Mo. App. 409; State v. O'Connor, 58 Mo. App. 457.]

No doubt the constable should have made demand of Henry Ostmann for payment of the fee bill before attempting to levy. [R. S. 1899, sec. 3263.] But we do not agree with appellants' counsel that it was essential to the validity of the information in this case for the return on the fee bill to show he made a demand. The statute provides that if the fee bill is not paid within twenty days after demand, the constable may proceed to levy on the chattels of the party against whom the

process was issued. The return on this fee bill, as shown in the copy of the instrument contained in the information, does not contain any recital of a demand for payment. But the non-recital of a demand is no defense in favor of the appellants against the crime charged. If the failure to make demand would be a defense in this collateral matter, such failure cannot be established by pointing to the return. Perchance a demand was made, and if a question had been raised about the return not showing it in a motion to quash the fee bill or some other direct proceeding, the return could have been amended. Plainly we cannot hold the information bad because, as the return stands, it fails to show a demand.

We find no error in the record proper which would justify us in reversing the judgment and it will be affirmed. All concur.