## Pledge of Bank Assets to Secure Deposit

SAYLOR, Deputy Attorney General, January 17, 1934.—You have asked to be advised whether an institution under your supervision may pledge its assets as collateral for the deposit of funds in the name of a receiver of a National bank.

Section 1004 of the Banking Code of May 15, 1933, P. L. 624, prohibits the pledge by a bank or a bank and trust company of any of its assets as security for deposits, except for the following:

"(1) Federal, State, municipal, school district, or other public funds.

"(2) Funds deposited by the Secretary of Banking as receiver of an institution of which he has, pursuant to the provisions of law, taken possession.

"(3) Funds deposited by a bank and trust company, in its own commercial department, which funds are being held by such bank and trust company in a fiduciary capacity, and are being deposited by it pending investment or distribution."

The question to be determined is whether funds deposited by a National bank receiver are Federal or "other public funds".

Clearly they are not Federal funds, because they do not belong to the Federal Government but to the parties who are entitled thereto as claimants against the National bank for which the depositor is receiver. They are not "public" funds in the sense that they belong to the public.

However, the receiver of a National bank is an officer of the United States: Frelinghuysen, receiver, v. Baldwin et al., 12 Fed. 395; Armstrong v. Ettlesohn, 36 Fed. 209; Stephens v. Bernays, 41 Fed. 401; Speckart et al. v German National Bank et al., 85 Fed. 12. He must safeguard funds in his custody as required by law and his superior, the Comptroller of the Currency.

The Act of May 15, 1916, 39 Stat. at L. 121, 12 U. S. C. § 192, provides, inter alia, that the receiver of a National bank

" . . . shall pay over all money so made to the Treasurer of the United States, subject to the order of the comptroller, . . .

"*Provided,* That the comptroller may, if he deems proper, deposit any of the money so made in any regular Government depositary, or in any State or national bank either of the city or town in which the insolvent bank was located, or of a city or town as adjacent thereto as practicable; if such deposit is made he shall require the depositary to deposit United States bonds or other satisfactory securities with the Treasurer of the United States for the safe-keeping and prompt payment of the money so deposited. . . ."

The fact that funds in the hands of a receiver must be delivered over to the Treasurer of the United States or deposited in banks surrounded by the required safeguards indicates that they are to be treated as funds having a public character. In Formal Opinion No. 111, rendered to you on December 20, 1933 (Pledge of Assets by Banking Institutions, 20 D. & C. 443), we advised you that in the sense in which the phrase is used in section 1004 of the Banking Code, postal savings funds and custodial funds of the Commonwealth are "public funds", and that banking institutions under your supervision may pledge their assets to secure the deposit thereof.

The reasoning of that opinion applies with similar force in the present situation. While the Government of the United States is not responsible for the payment of National bank funds in the hands of a receiver, it has by law provided for their custody and protection in such manner as to constitute them public funds within the meaning of that term as used in section 1004.

Our legislature, by including in the act subsection (2), above quoted, authorized institutions under your supervision to pledge assets to secure funds held by you as receiver of closed State banking institutions. This evidences the legislative intention to give to such funds the same protection that funds of closed National banks enjoy.

Before the enactment of the Banking Code, State institutions pledged their assets to safeguard deposits made by National bank receivers. We are satisfied that the legislature did not intend to make such procedure illegal and to draw a distinction between the two types of funds. Both are public funds within the provisions of section 1004(1) of the code.

Therefore, you are advised that an institution under your supervision may pledge its assets as security for the deposit of funds by a receiver of a National bank.　　　　　　　　　　　　　　From C. P. Addams, Harrisburg, Pa.