# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                      **NO. 29,330**

**PAUL MYERS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

The State appeals the suppression of evidence obtained as the result of a traffic stop. We proposed to affirm the suppression of the evidence. The State has timely responded. We have considered its arguments and finding them unpersuasive, we affirm.

In our notice, we set out the standard for reviewing the grant of denial of a motion to suppress. *State v. Lowe*, 2004-NMCA-005, ¶ 8, 135 N.M. 520, 90 P.3d 539. We also pointed out that a stop must be supported by reasonable suspicion and that "[r]easonable suspicion must be based on objective facts that indicate an individual is, or will be in the immediate future, engaged in criminal activity." *State v. Williams*, 2006-NMCA-062, ¶ 23, 136 N.M. 578, 136 P.3d 579. The State argues that reasonable suspicion need not rise to the level required for probable cause. [MIO 4-5] We agree. However, our case law is clear that there must be individualized suspicion that the person detained was committing or had committed a crime. *City of Roswell v. Hudson*, 2007-NMCA-034, ¶¶ 18-19, 141 N.M. 261, 154 P.3d 76.

We pointed out in our notice that the facts here did not establish that particularized suspicion that Defendant was committing or had committed a crime. The State argues that the 911 caller provided reasonable suspicion. We disagree. Instead, we have a call from a neighbor indicating that a white Acura is parked on the

2

street with someone sitting in it. Apparently, this has happened on numerous other occasions. There is nothing else in the call to indicate that there is criminal activity going on. When the officer responded to the suspicious vehicle call, he saw the white car parked, saw that the engine was running, and then watched as the vehicle drove away. There was nothing in this activity that was criminal. The officer did not see any violations of the traffic code when the vehicle pulled away.

The State argues that the 911 call provided reliable information. Again, we do not disagree, but fail to see how that assists the State. The information was reliable about a white vehicle being parked in front of the caller's home. However, there is nothing else about the call to provide reasonable suspicion that Defendant was engaged in illegal activity.

The State argues that the time of day, 1:00 a.m., provides reasonable suspicion to stop the vehicle and investigate. We believe that the cases cited by the State are distinguishable as they refer to police observing vehicles late at night driving near closed businesses. [MIO 7-8] We see nothing particularly suspicious about a car parked in a residential neighborhood, without other indications that such activity is suspicious. There are any number of innocent explanations for parking in a particular place late at night. The State has not articulated what other suspicious activity indicated that Defendant was committing a crime or about to do so.

3

We note that we recently held no reasonable suspicion to detain a vehicle that was parked for more than thirty minutes in a residential neighborhood late at night, where the vehicle did not belong to anyone in the neighborhood. *Hudson*, 2007-NMCA–034, ¶ 17. Likewise, in *State v. Soto*, 2008-NMCA-032, ¶ 20, 143 N.M. 631, 179 P.3d 1239, we held the police had no reasonable suspicion to detain the defendant who was riding his bicycle late at night in an area near the race track in Ruidoso. We conclude, under the same analysis, that there was no reasonable suspicion here to stop Defendant as he drove away after being parked in a residential area.

The State argues that the fact that Defendant drove away when police arrived can add to the circumstances to create reasonable suspicion. We would agree if the other circumstances were suspicious. However, we do not believe that what was presented here represents suspicious circumstances. The State asserts that it is not suggesting that the facts presented conclusively show that the occupant of the vehicle, Defendant, was committing or about to commit a crime. Rather, it argues that the particular noncriminal acts here were suspicious enough that a reasonable officer would want to investigate. We recognize the State's interest in not only detecting crimes and apprehending offenders, but in preventing crimes. However, that interest must be weighed against the intrusion into a person's privacy. That is the reason for requiring reasonable suspicion. *See State v. Jason L.*, 2000-NMSC-018,¶ 14, 129

4

N.M. 119, 2 P.3d 856.

For the reasons stated herein and in our notice of proposed disposition, we affirm the order suppressing the evidence in this case.

**IT IS SO ORDERED**.

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**