This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 33,347**

**MICHAEL FOULK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's on-record review and affirmance of his conviction for driving while intoxicated (DWI) following a bench trial in

metropolitan court. This Court issued a calendar notice proposing to affirm, and Defendant has filed a memorandum in opposition. Having given due consideration to the memorandum in opposition, we remain unpersuaded and affirm Defendant's conviction. To the extent Defendant's memorandum in opposition also asserts that the sentencing order is erroneous [MIO 24], we treat the inclusion of this new argument as a motion to amend the docketing statement. For the reasons discussed below, the motion to amend the docketing statement is DENIED.

**Admissibility of Blood-Alcohol Test Results and Sufficiency of the Evidence**

{2}        Defendant contends that the metropolitan court erred in admitting the breath test because (1) the officer failed to comply with the twenty-minute deprivation period, and (2) the State failed to establish the relevance of the test. In this Court's notice of proposed disposition, we proposed to conclude that the officer's testimony that he had observed a twenty-minute deprivation period was sufficient to support the district court's factual determination that the accuracy-ensuring regulation had been satisfied. [CN 2-3] Defendant maintains, in his memorandum in opposition, that the officer's testimony, alone, was insufficient to establish that the accuracy-ensuring regulation had been met. Because the district court makes a factual determination as to whether the regulation has been met, and because there is testimony by the officer that he complied with the regulation, we are not persuaded by Defendant's argument.

2

**{3}** Moreover, to the extent Defendant continues to argue that the breath test results were not relevant because the State could not show that Defendant had consumed any alcohol before reversing his car into the ditch [MIO 17], we are similarly not persuaded. As we pointed out in our notice of proposed disposition, there was testimony establishing that the test was taken within three hours of Defendant driving, thus, satisfying NMSA 1978, Section 66-8-102(C) (2010) (making it "unlawful for . . . a person to drive a vehicle . . . if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle"). To the extent Defendant argues that there was a lack of proof that he consumed the alcohol before he drove, this argument overlaps with Defendant's argument that there was insufficient evidence to support his conviction.

**{4}** Defendant contends that there was insufficient evidence to support his conviction for DWI because the State was unable to prove that Defendant was impaired at the time he drove the vehicle. While Defendant notes that the metropolitan court did not believe his testimony that he did not consume any alcohol until after the vehicle was stuck in the ditch, Defendant contends that the metropolitan court's disbelief over his version of events "cannot substitute for affirmative proof of the State's case." [MIO 18 (citing *In re Gabriel M.*, 2002-NMCA-047, ¶ 24, 132 N.M.

124, 45 P.3d 64)] While we agree with this proposition of law, we conclude that a breath test of .11 and Defendant having reversed the car partially into a ditch, along with his brother's testimony that he did not see Defendant drink anything after he drove the car into the ditch, but that he did see his brother drink something at a bar earlier, is sufficient to support a reasonable inference that Defendant consumed the alcohol prior to driving. As a result, we conclude that Defendant has failed to demonstrate error in the metropolitan court's admission of the breath test results or in its determination that there was sufficient evidence to support Defendant's conviction.

**Motion to Amend the Docketing Statement**

{5}     For the first time in his memorandum in opposition, Defendant asserts that the sentencing order was erroneous. [MIO 24] Because this issue was not raised in Defendant's docketing statement, we treat Defendant's inclusion of this new argument as a motion to amend the docketing statement. When a case is assigned to the summary calendar, this Court will grant a motion to amend the docketing statement if the motion (1) is timely, (2) states all facts material to a consideration of the issue sought to be raised, (3) explains how the issue was properly preserved or why it may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issue was not addressed in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109

4

N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{6} Here, Defendant asserts that the judgment and sentence was erroneous because it (1) states that Defendant entered a plea of guilty when he went to trial, (2) does not state that he was found not guilty of careless driving, and (3) does not state whether he was convicted of DWI under a per se theory or an impaired-to-the-slightest-degree theory. [MIO 24] Defendant asserts that he should be able to raise these matters for the first time on appeal, based on the principle that illegal sentences may be raised for the first time on appeal. [Id.] However, Defendant fails to demonstrate how these errors render his sentence "unauthorized." *See State v. Sinyard*, 1983-NMCA-150, ¶ 1, 100 N.M. 694, 675 P.2d 426 (stating that where "the sentence is unauthorized by statute [the issue] is jurisdictional and may be raised for the first time on appeal"). Rather, we conclude that these are clerical errors to be remedied by the metropolitan court via Rule 7-704 NMRA:

> B.    Clerical mistakes.  Clerical mistakes in judgments, final orders or other parts of the file and errors therein arising from oversight or omission may be corrected by the judge at any time on the judge's own initiative or on the request of any party after such notice to the opposing party, if any, as the judge orders.

Consequently, Defendant's motion to amend his docketing statement is denied.

{7}   For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

{8}   **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**

6