State v. Fogerson.

---

THE STATE, Respondent, v. FOGERSON, Appellant.

1. An indictment, founded on the fifteenth section of the seventh article of the act concerning crimes and punishments (R. C. 1855, p. 620), which charges that the defendant did wilfully and unlawfully disturb the peace of a neighborhood "by then and there cursing and swearing, and by loud and abusive and indecent *language*," is sufficient.
2. To sustain the charge made in an indictment founded on that section it is not necessary to show that every person in the neighborhood was disturbed; nor would the testimony of individuals be admissible in behalf of defendant to show that they were in the neighborhood and they were not disturbed.

*Appeal from Laclede Circuit Court.*

The facts are set forth sufficiently in the opinion of the court.

———, for appellant.

*Knott*, (attorney general,) for the State.

I. The indictment is sufficient. The evidence offered by the defendant was clearly irrelevant. The instructions as a whole present the law of the case fairly before the jury.

EWING, Judge, delivered the opinion of the court.

The defendant was indicted, under the fifteenth section of the seventh article of the act concerning crimes and punishments, for disturbing the peace of a neighborhood. The

State v. Fogerson.

offence under the statute consists in wilfully disturbing the peace of any neighborhood, or of any family, by loud and unusual noise, loud and offensive or indecent conversation, or by threatening, quarreling, challenging, or fighting, &c. The indictment charges that the defendant on, &c., at, &c., did then and there wilfully and unlawfully disturb the peace of a neighborhood, to-wit, the neighborhood and town of Lebanon, in said county, by then and there cursing and swearing, and by loud and abusive and indecent language, &c.

As a general rule it is sufficient to describe an offence created by statute in the words of the statute, and indeed it is necessary to do so where the offence may not be as clearly and intelligibly set forth in other language. But when the words used are in effect equivalent to those in the statute, this verbal strictness is relaxed, and the indictment will be held good. (1 Chitty C. L. 283.) It is sufficient if the indictment contain enough to inform the defendant and the court of the precise nature of the charge.

In the case at bar the defendant is charged with disturbing the peace of the neighborhood by loud and abusive and indecent language. The offence may be committed by loud and offensive conversation, or loud and indecent conversation. The terms are used disjunctively in the statute, and the offence is well described if the disturbance is alleged to have been committed either by loud and offensive, or loud and indecent, conversation. The word "language," however, is substituted by the pleader for the word "conversation." To this, I think, there is no objection, as the former is equivalent in import, if indeed it is not even more appropriate and expressive of the intent of the legislature and descriptive of the offence. It is safest, however, to follow the words which the law-maker has chosen to define the offence; and this general rule should not be relaxed, except where the nature of the offence, and all the particulars descriptive of it, are clearly set forth in the language employed in the indictment.

The first instruction given on the part of the State, unconnected with others given at the instance of the defendant,

State v. Fogerson.

is erroneous, because it does not direct the attention of the jury to a particular circumstance essential to an offence, namely, the disturbance of the peace of the neighborhood. It tells the jury that if they believe the defendant used indecent language, or loud and offensive language, in the town of Lebanon, and that such language was wilfully used, they must find defendant guilty. These facts may have been found by the jury, and yet no offence have been committed, because no disturbance may have been caused by it. This instruction then, in this respect, was improper. The court, however, gave an instruction embracing all the facts and circumstances constituting the offence, which must have prevented the jury from being misled or from misconceiving the law of the case as given by the court. Upon the whole, therefore, we think there was no error on this point.

It is also objected that the court erred in excluding the testimony of three persons introduced by defendant to prove that they resided on the public square, and were present at the time of the alleged disturbance, and that neither they nor their families were disturbed. This evidence, we think, was properly excluded. It had no tendency to disprove the charge in the indictment, namely, that the peace of the neighborhood was disturbed by the defendant's conduct, and this was the matter of inquiry—not whether one or two individuals considered themselves disturbed. That they were not, or may not have been, disturbed by the conduct of the defendant was not necessarily inconsistent with the truth of the charge against him, that the peace of the neighborhood was disturbed. To sustain the charge it is not necessary to prove that every individual composing the community or neighborhood was disturbed, nor could the charge be disproved by the kind of negative evidence offered with respect to two or three persons. The judgment will be affirmed, the other judges concurring.