STATE OF MISSOURI, Respondent, v. OTTO BACH, Appellant.

**St. Louis Court of Appeals, April 19, 1887.**

1. CRIMINAL LAW — INFORMATION, VERIFICATION OF — PRACTICE. The verification of an information by a private person, according to his best knowledge and belief, is a sufficient verification under the special law applicable to the St. Louis court of criminal correction.

2. ——— SEVERAL OFFENCES IN ONE COUNT.—An information, which embodies in one count several different, independent offences, is too indefinite, and is bad, although it follows the language of the stat ute, which groups them together in one section.

3. ——— INDECENT CONVERSATION.—An information, which charges the defendant with indecent and offensive conversation, should, at least, state the conversation in substance.

APPEAL from the St. Louis Court of Criminal Correction, E. A. NOONAN, Judge.

*Reversed and the defendant discharged.*

LOUIS A. STEBER, for the appellant : There is no valid information against the appellant. *The State v. Hayward*, 83 Mo. 299 ; *Bridgford v. Steamboat*, 6 Mo. 336 ; *The State v. Storts*, 1 S. W. Rep. 288 ; *The State v. Downing*, 22 Mo. App. 507. The information fails to set out the facts. *The State v. Hayward*, 83 Mo. 304 ; *The State v. Davis*, 70 Mo. 467 ; *The State v. Clevenger*, 20 Mo. App. 628.

J. R. CLAIBORNE, for the respondent : The information was sufficiently verified. *The State v. Fitzporter*, 17 Mo. App. 271.

THOMPSON, J., delivered the opinion of the court.

The defendant was prosecuted, convicted, and sentenced to pay a fine of fifty dollars, under an information charging that, on a day named, he did, " wilfully, disturb the peace of the family of one John Eschmann then and there being at number 3738 Kosciusko street, by loud and unusual noise, loud, offensive, and indecent conversation, and by then and there threatening, quarreling, challenging, and fighting, contrary to the form and statute in such case made and provided, and against the peace and dignity of the state." This information was signed by the assistant prosecuting attorney of the city of St. Louis, and was verified by the affidavit of a private person, who swore that the facts, therein stated, " were true, according to his best knowledge and belief." Two questions are raised by the defendant on this appeal.

I. The first is, whether an information, verified by a private person, "according to his best knowledge and belief," satisfies the requirements of the law. We hold that such an information satisfies the requirements of the special law relating to the St. Louis court of criminal correction, which law is operative, so far as it has not been expressly repealed by subsequent legislation,

or necessarily abrogated by subsequent constitutional provisions. This precise question was before this court in *The State v. Fitzporter* (17 Mo. App. 271), on an information in the St. Louis court of criminal correction, verified precisely as this information is verified; and this court held that, where such an information is signed by the assistant prosecuting attorney, it need not be verified by the oath of a private person at all—the general statute (Rev. Stat. sect. 1762) not displacing the special law governing procedure in the St. Louis court of criminal correction. To that decision we adhere, and we need not, therefore, consider whether this information is properly verified under the general law. The case of *The State v. Hayward* (83 Mo. 299), which is invoked on behalf of the defendant, was decided under the general statute, and has no application to the question as here presented.

II. Upon the remaining question, that the information is bad by reason of not being sufficiently definite in its terms to apprise the defendant of the charge which he was called upon to meet, it should be said that the day on which the alleged misconduct was committed is distinctly laid, and that the acts of misconduct are laid in the language of the statute (Rev. Stat. sect. 1527) creating the offence. It is, in general, sufficient that an offence be charged by its legal designation, according to the terms used in the statute (*The State v. Davis*, 70 Mo. 467); but in many cases it is obviously not so. In *The State v. Hayward* (83 Mo. 299, 304), our supreme court approved the following statement of doctrine by Dr. Wharton: "On the general principles of common law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute, in all cases where the statute so far individuates the offence that the offender has proper notice, from the mere adoption of the statutory terms, what the offence he is to be tried for really is. But in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a stat-

utory charge, to put the defendant on trial without speci fication of the offence, than it would be under a common law charge." Whart. Cr. Pl. & Prac., sect. 220. Applying this principle to the case before us, the conclusion would seem to be that the information was bad. It will be perceived that the statute (Rev. Stat., sect. 1527) groups together a number of distinct acts, committed to the disturbance of the peace of a neighborhood, or of a family, or of any person, and declares the commission of them to be a misdemeanor. These acts may be grouped separately, as follows: (1) Making a loud and unusual noise. (2) Holding loud, offensive, and indecent conversation. (3) Threatening. (4) Quarreling (which may take place without threatening). (5) Challenging (which probably means challenging to fight, and which may take place without either threatening or quarreling). (6) Fighting (an offence which is quite distinct from either of the former). In the present information all these are massed together in one sentence. Such an information does not, to use the language of Dr. Wharton, above quoted, "individuate the offence." The defendant has been called upon to meet six distinct charges, and evidence has been offered to substantiate but one of them, namely, the holding of loud, offensive, and indecent conversation. If the assistant prosecuting attorney had drawn the information in conformity with the principles of law, which requires different offences to be stated in different counts, it can hardly be doubted that, upon an information which was, probably, given him by the prosecuting witness, he would have drawn the information so as to charge a disturbance of the peace of the family of the prosecuting witness by loud, offensive, and indecent conversation—omitting the other acts charged.

These views are in accord with the ruling in *The State v. Clevenger* (20 Mo. App. 626, 628), where, in reversing the judgment on other grounds, this court took occasion to say: "Before a re-trial of the cause, the state should amend its information. If the defendant

is to be charged, both with selling liquor and giving it away, the information should contain an appropriate count for each offence. If he is to be charged with selling liquor only, the words, ' or give away,' are surplusage, and should be stricken from the information. A defendant is entitled to know, by the terms of the information, with what exact offence he is charged, so as to prepare for trial accordingly." See, also, *The State v. Flint* (62 Mo. 393, 400).

We are, also, of opinion, that such an information ought to set out, at least in substance, some of the loud, offensive, and indecent conversation, in order to make a good information under the ruling of the supreme court in *The State v. Hayward* (83 Mo 299). In that case the information was drawn in the language of section 1542, Revised Statutes, charging the malicious publication, and the circulation of obscene pamphlets, entitled " The Case of C. O. Godfrey ; " and it was held that the information was bad for not setting out the obscene matter, and that it was not sufficient that it followed the language of the statute. It is obvious that the information in that case was much more definite, and much more clearly apprised the defendant of the charge which he was called upon to meet, than the information in this case.

The judgment will be reversed and the defendant discharged. It is so ordered. Rombauer, J., concurs ; Lewis, P. J., is absent.