STATE OF MISSOURI, Respondent, v. REUBEN FARE, Appellant.

St. Louis Court of Appeals, January 21, 1890.

Criminal Law : INFORMATION FOR DISTURBANCE OF THE PEACE. An information, charging a disturbance of the peace in the terms of the statute, is sufficient; it need not set forth the particulars of the language creating the disturbance. (*State v. Bach*, 25 Mo. App. 554, *overruled*.)

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

BIGGS, J., delivered the opinion of the court.

The bill of exceptions in this case contains none of the evidence, and besides it was not filed within the

time prescribed by order of court. Our action must, therefore, be confined to a review of matters contained in the record proper.

The defendant was convicted before a justice of the peace, and also in the circuit court, upon an information filed by the prosecuting attorney of the county, in which he was charged with the wilful disturbance of the peace of one Jessie Jones, by the use of loud, offensive and indecent conversation and language. It was also alleged that this conduct of the defendant also disturbed the peace of the neighborhood of Lawrenceburg, in said county.

It appears that the defendant questioned the sufficiency of the indictment on the ground that the offense charged was vague and indefinite. It is made our duty by the law to examine such questions, regardless of the condition of the record.

The information did not contain the language (or its substance), imputed to the defendant, but the offense was charged in the language of the statute. The general rule is that it is sufficient to charge an offense in the language of the statute, if the act specifically describes or defines the offense. *State v. Fogerson*, 29 Mo. 416; *State v. Crooker*, 95 Mo. 389; *State v. West*, 21 Mo. App. 309; *State v. Emerich*, 87 Mo. 110; *State v. Davis*, 70 Mo. 467. We would be content with the statement of the rule, and the citation of the cases in support of it, but that this court, in the case of *State v. Bach*, 25 Mo. App. 554, decided that an information, based on the section of the statute in question, was insufficient if it failed to state the language used, or its substance, and that the conclusion, therein arrived at, was supposed to be supported and authorized by the case of *State v. Hayward*, 83 Mo. 299.

Upon a reconsideration of the question, we have come to the conclusion that our decision in the case referred to was wrong, and directly opposed to the

decision of the supreme court in the case of *State v. Fogerson, supra.* The court was led into the error in the *Bach case* by assuming that the *offense*, created by the statute and charged in the information was the use of indecent and offensive language, etc., whereas the *gravamen* of the offense was the *disturbance of the peace* of "a family, person or neighborhood," and not the mere fact that the accused had been guilty of quarreling, fighting, swearing, etc. If the statute was levelled against the use of indecent or profane language, then it would be necessary, under the rule declared in *State v. Hayward, supra,* to set forth the language used in the information, in order that the defendant might be advised of the charge, and also that the court might know and judge, as a matter of law, whether the defendant had violated the statute.

The rule of criminal pleading, as before stated, is that, if the act creating the offense does not specifically define or describe it, an information, or indictment, in the language of the statute, is insufficient. To illustrate: If the section, under which the information in question was drawn, had merely declared that any person found guilty of disturbing the peace of a person, family or neighborhood should be punished, then it would have been necessary to state how, and in what manner, the defendant *did disturb* the peace of a family, etc.; and, in compliance with such requirement, it would certainly be sufficient to allege in a general way that the offense was committed by the defendant, by fighting, quarreling, loud and offensive talk, or any other acts or conduct calculated to disturb the peace. The supreme court in the case of *State v. Davis,* 70 Mo. 467, in discussing this identical question said: "If the act does not specifically define the offense, but only prescribes the punishment for committing it, for instance, if an act should declare that any one guilty of larceny should be punished, etc., an indictment merely charging that

the accused had committed larceny would be insufficient. If the statute had declared that, if any parent should *treat* his child with cruelty, he should be deemed guilty of a misdemeanor, an indictment charging the offense in the language of the statute would be insufficient, because there are divers ways of treating a child with cruelty, and the general term would not import the specific act. So larceny may be committed of many kinds of property, and the specific acts, relied upon as constituting the offense in a given case, must be alleged in the indictment."

In the case of *State v. Hayward, supra*, the defendant was charged with publishing and circulating a pamphlet containing *obscene matter*. The court held that the information was insufficient, because it failed to set out the *obscene matter*. The very gist or *gravamen* of the offense under this section is that the printed matter published or circulated should be *obscene, lewd* or *licentious*. The statute does not declare what shall be deemed obscene matter, and, for this reason, it does not "individuate" the offense. An information, in the language of this law, would afford no adequate or satisfactory notice to a defendant of the offense with which he was charged. But, aside from these considerations, the opinion of this court in the case of *State v. Bach, supra*, cannot be upheld for the reason that it is diametrically opposed to the case of *State v. Fogerson*, 29 Mo. 416, in which it was expressly decided that an indictment, framed under the section of the statute, under which the defendant in this case was convicted, was sufficient if it followed the language of the law. Finding no error in the record the judgment of the circuit court will be affirmed. All the judges concur.