The State v. Parker.

STATE OF MISSOURI, Respondent, v. JOHN PARKER, Appellant.

**St. Louis Court of Appeals, January 21, 1890.**

1. **Criminal Law: INFORMATION.** An information filed by the prosecuting attorney of the county need not be supported by the affidavit of that officer.

2. ———: ———. An information for a disturbance of the peace is sufficient, if it follows the language of the statute. (*State v. Bach*, 25 Mo. App. 554, *overruled.*)

3. ———: INSTRUCTIONS: CREDIBILITY OF WIFE OF ACCUSED. When the wife of the defendant is a witness, an instruction that the jury, in weighing her testimony, may take her relationship to the defendant into consideration is proper.

*Appeal from the Reynolds Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*William N. Nalle*, for the appellant.

An information cannot be based upon the affidavit of a person who is not a competent witness to the facts stated in the affidavit, and the affidavit must show knowledge of such facts by the witness. *State v. Shaw*, 26 Mo. App. 383; *State v. Hayward*, 83 Mo. 288. The information does not purport to be the official act of the attorney. Sess. Acts, 1885, p. 146; *State v. Harris*, 30 Mo. App. 82; *State v. Fletchall*, 31 Mo. App. 299. The evidence on behalf of the state, if it discloses any of the elements of an offense whatever, proved the disturbance of the peace of an individual, or "person," and not that of a "family." There were four places and four times; at each place and time, only one person was affected by the appellant's behavior and language.

The trial court erred in not confining the state to some one of the places and times, and in refusing to exclude the evidence relating to the other times and places. *State v. Clark*, 18 Mo. App. 531; *State v. Wilson*, 88 Mo. 13.

*R. I. January*, Prosecuting Attorney, and *Wm. L. Beyersdorff*, for the respondent.

The prosecuting attorney, while acting in his official capacity, in all prosecutions, is supposed by the law to be acting under his oath of office, and, therefore, a reference, as "under oath of office," in the information is superfluous. *State v. Fletchall*, 31 Mo. App. 296. The affidavit supporting an information, made by a person who has knowledge that an offense has been committed, need not disclose the means of knowledge, nor the kind thereof nor allege his competency as a witness. *State v. Downing*, 22 Mo. App. 504, 507; Laws of Mo. 1885, pp. 145, 146; *State v. Shaw*, 26 Mo. App. 383; *State v. Hayward*, 83 Mo. 299; *State v. Humble*, 34 Mo. App. 343, p. 348–9; *State v. Harris*, 30 Mo. App. 82. An information charging the defendant with wilfully disturbing the peace of a family by making loud and unusual noise, by loud and offensive and indecent conversation, by cursing and swearing, and by threatening, quarreling, challenging and fighting, charges but one offense, follows substantially the words of the statute, and is sufficient. *State v. Fogerson*, 29 Mo. 416; *City of St. Charles v. Meyer*, 58 Mo. 86; *State v. Batson*, 31 Mo. 343.

BRIGGS, J., delivered the opinion of the court.

The defendant was proceeded against by information for disturbing the peace of a family. He was convicted of the offense before a justice of the peace, and also in the circuit court, and he has brought the case to this court by appeal.

The prosecuting witness, W. T. Sawyer, filed with a justice of the peace in Reynolds county the following affidavit, to-wit: "W. T. Sawyer, being duly sworn, upon his oath states that on the twenty-fourth day of November, A. D. 1888, at the said county of Reynolds, Missouri, one John Parker did then and there wilfully disturb the peace of the family of W. T. Sawyer by loud and unusual noise, loud and offensive and indecent language, and by threatening, quarreling, challenging and fighting."

Upon this affidavit the prosecuting attorney of the county filed the following information: "William L. Beyersdorff, prosecuting attorney of Reynolds county, Missouri, comes and informs the court upon the information of an affidavit filed herein that, on the twenty-fourth day of November, A. D. 1888, at the county and state aforesaid, the defendant John Parker did then and there wilfully disturb the peace of a certain family, to-wit, the family of W. T. Sawyer, by then and there making loud and unusual noise, by loud and offensive and indecent conversation, by cursing and swearing and by threatening, quarreling, challenging and fighting, against the peace and dignity of the state."

The evidence on the part of the state tended to prove that on the twenty-fourth day of November, 1888, the prosecuting witness, W. T. Sawyer, and the defendant lived near each other in Reynolds county, and that Sawyer's family consisted of himself, wife and child, and two hired hands; that on the morning of the twenty-fourth of November, the defendant's horses had broken into Sawyer's cornfield, and the latter had turned them out on the commons; that a short time thereafter the defendant came to the field where Sawyer and his hands were husking corn, and made inquiries about his horses; that Sawyer informed him that he had turned them out of his premises, whereupon the defendant became very

angry and started towards Sawyer's house, threatening to kill some one; that the defendant went directly from the field to Sawyer's house, a distance of about two hundred yards, where he met Sawyer's wife; that the defendant, in the presence of Mrs. Sawyer, commenced to swear in a loud tone of voice, and made direful threats against the life of Sawyer. According to the testimony of Mrs. Sawyer the defendant talked in a very loud, boisterous and threatening manner, and threatened to go home. and get his gun for the purpose of killing her husband; among other things he said : " *I am foaled in hell; raised in Texas; can whip my weight in wild cats; I am a hornet's nest; I am a walking horse and tornado on wheels, and can whip any d—n man on Black river who turned my horses into the woods.*" Mrs. Sawyer says that, while the defendant was making these threats, he was flourishing a knife, and started to come into the house, when she became so greatly frightened that she ran back through the house, and out upon the back porch and called her husband; that the defendant started off, as soon as he learned that Sawyer was coming to the house, but came back near the house within a few hours with a gun on his shoulder. Mrs. Sawyer's testimony was corroborated by that of her husband, Fielding Brown and Franklin Howard.

The defendant denied that he made any threats, or used any language calculated to provoke a breach of the peace, or that he intended in any way to disturb the peace of Sawyer or his family; and in this he was supported by the testimony of his wife and his son, who claimed to be only a short distance away when the defendant was talking to Sawyer's wife.

We will notice the assignments of error in the order presented in the defendant's brief.

The defendant challenges the sufficiency of the affidavit made by Sawyer, and also of the information

filed by the prosecuting attorney. We will first notice the objection that the information is not supported by the official oath of the prosecuting attorney. In a recent case, *State v. Wilkson*, 36 Mo. App. 373, this court decided that it was not necessary for the prosecuting attorney to make an affidavit to *any* information; that all of his official acts were presumed to have the sanction of his official oath, and that that portion of the statute requiring informations to be sworn to by the prosecuting attorney was surplusage.

The second objection is that the information is vague and indefinite. The information follows the language of the statute, and we held in the case of *State v. Fare, ante,* p. 110, that such an information was sufficient, and that it was not necessary to set out in the information or indictment the words used. In the opinion referred to, we necessarily had to overrule the case of *State v. Bach,* 25 Mo. App. 554. This identical question was passed on in the case of *State v. Fogerson,* 29 Mo. 416, in which the supreme court held that an indictment for disturbing the peace of a family was sufficient, if it followed the language of the statute. The *Fogerson case* has not been overruled, modified or criticised, and it furnishes the law by which we are to be governed.

The other objections urged we do not care to discuss, as we regard them as purely technical.

The defendant's counsel next insists that the evidence in this case, if it proved any of the elements of an offense, established the disturbance of the peace of an individual or person, and not that of a family; in other words, that the word "family" in the statute means a body of individuals living under the authority of one head. From these premises counsel makes the argument, that the information was not sustained by the evidence, because the peace of Mrs. Sawyer, *only,* was shown to have been disturbed, and that the court's

instructions for the same reason were unauthorized. This result is not fairly deducible from the evidence. The evidence of the state tended to prove that not only the peace of Mrs. Sawyer was disturbed, but also that of her husband and his servants. The defendant's misconduct began in the cornfield, when he intimated that he would kill Sawyer for turning his horses on the commons. At that time he had a knife in his hand. He went directly from the field to the house and there renewed the controversy with Mrs. Sawyer. His talk at the house was so loud and boisterous that Sawyer and Brown, his hired man, hurried to the house for the purpose of protecting Mrs. Sawyer. If the state's witnesses are to be believed, the language uttered by the defendant was certainly calculated to inspire great fear in the mind of a woman, not only for her own safety, but for that of her husband. This intemperate language was heard by Sawyer, and, when his wife called to him for protection, he and his hired man were hurrying to the house. If such conduct cannot be sustained as a disturbance of the peace of Sawyer and his family, what would?

The court instructed the jury as to the weight to be given to the testimony of the defendant and his wife, as follows: "In determining what weight you will give the testimony of the defendant and his wife, you may take into consideration the fact that the defendant is the party accused and on trial in this cause." The defendant claims that it was error for the court to apply such an instruction to the testimony of the defendant's wife; that she occupied the same position of any other witness. We think that this position is untenable. Section 1918, Revised Statutes, 1879, is as follows: "No person shall be incompetent to testify as a witness in any criminal cause or prosecution by reason of being the person on trial or examination; or by reason of being the husband or wife of the accused, but any such

facts may be shown for the purpose of affecting the *credibility* of such witness." If the fact that Mrs. Parker was the wife of the accused could be shown for the purpose of affecting her credibility, how can it be maintained that the court would have no right to so instruct the jury ? *State v. Cook*, 84 Mo. 40. We will have to rule this assignment likewise against the defendant.

The defendant complains of other matters, but we do not think their discussion would be at all profitable, as it could not change the result. Finding no material error in the record, the judgment of the circuit court will be affirmed. All the judges concur.

