STATE OF MISSOURI, Appellant, v. DAVID McDANIEL, Respondent.

STATE OF MISSOURI, Appellant, v. JACOB MOORE, Respondent.

St. Louis Court of Appeals, April 1, 1890.

Criminal Law: INFORMATION. An information for the disturbance of a religious meeting is sufficiently definite, if it charges the offense in the terms of the statute.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*T. J. Braswell,* Prosecuting Attorney, for the appellant.

*Evans, Clarke & Smith,* for the respondents.

THOMPSON, J., delivered the opinion of the court in the case of State of Missouri *v.* David McDaniel.

This prosecution was commenced before a justice of the peace on the following criminal information:

"Information for a misdemeanor.

"STATE OF MISSOURI, } ss.
"County of Oregon, }

"State of Missouri       } Before A. J. STILL, a Justice
            *v.*             of the Peace within and for
"David McDaniel.         } Oregon county, Missouri,
                             Piney township.

"Disturbing religious worship.

"T. J. Braswell, upon his oath of office as prosecuting attorney within and for the county of Oregon and state of Missouri, informs the justice that one

David McDaniel, late of the county of Oregon and state of Missouri, on the sixth day of July, A. D. 1889, at and in the said county of Oregon and state aforesaid, did then and there unlawfully, wilfully, maliciously and contemptuously disquiet and disturb a certain congregation of people, then and there met together for the purpose of religious worship at the Jolliff schoolhouse in Highland township, Oregon county, Missouri, said schoolhouse being set apart, appropriated and used by a congregation of persons for the purpose of religious worship, by then and there making a loud noise, and by rude and indecent behavior, and by profane discourse within their place of worship and so near the same as to disturb the order and solemnity of the meeting, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.                    T. J. BRASWELL,

"Prosecuting Attorney."

In the circuit court the defendant moved to quash this information on the ground that it is indefinite, and does not inform the defendant sufficiently of the charge he must meet, and on the further ground that it charges several distinct offenses in one count. The circuit court sustained this motion, and the state appeals to this court. Neither party has filed a statement or brief; but, as it is a criminal case, we have examined the record, as by section 4297 of the Revised Statutes of 1889 (Revised Statutes, 1879, sec. 1993) we are required to do.

We are of opinion that this information is sufficient. The information, it is perceived, was drawn under the provisions of section 1528 of the Revised Statutes of 1879 (Revised Statutes, 1889, sec. 3785), and follows the language of the statute. This, in general, is sufficient. *State v. Fare*, 39 Mo. App. 110, and cases there cited. It was not necessary to set out the language used, either in detail or in substance. Our decision to

that effect in *State v. Bach*, 25 Mo. App. 554, which was rendered under the preceding section of the statute, has been overruled in *State v. Fare, supra.*

This information furnishes no room for an argument to the effect that it describes two offenses.

The judgment will be reversed, and the cause remanded. All the judges concur.

ROMBAUER, P. J., delivered the opinion of the court in the case of State of Missouri *v.* Jacob Moore.

The record in this case presents the identical questions discussed and decided at the present term in *State v. McDaniel, ante,* p. 356. For reasons given in the opinion filed in that case, the judgment in this case must also be reversed. Reversed and remanded. All the judges concur.