THE STATE OF MISSOURI, Plaintiff in Error, v. MARK RAMSEY, Defendant in error.

#### St. Louis Court of Appeals, January 31, 1893.

1. **Criminal Law**: INFORMATION FOR DISTURBANCE OF THE PEACE. An information for the disturbance of the peace of the neighborhood by the defendant is sufficient, if it follows the language of the statute.

2. ———: ———: VERIFICATION. An information filed by the prosecuting attorney is filed on his official oath, and need not be verified.

*Error to the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

No briefs filed for either the plaintiff or the defendant in error.

ROMBAUER, P. J.—The state prosecutes this writ from a judgment quashing an information against the defendant. The writ was sued out of the supreme court, but, on suggestion of the attorney general, the cause was transferred to this court as being one within its exclusive jurisdiction.

The information was filed in the circuit court by the prosecuting attorney, and was verified by the affidavit of a witness made upon his best knowledge, information and belief. Omitting formal parts it states that the defendant, on a day therein named, with force and arms, unlawfully and wilfully did disturb the peace of the neighborhood of Camp Creek in said county by then and there making loud and unusual noise, loud and offensive and indecent conversation, and by threatening, challenging, quarreling and fighting, contrary to the statute, etc.

The motion to quash challenged the sufficiency of the information on the grounds that several offenses were charged in one count, and so indefinitely that the defendant is not advised of what offense he is charged; also because the indictment failed to set out the indecent and offensive conversation, and what the noise consisted in; also because the information was not properly verified. No briefs have been filed in this court on either side.

The case was tried in August, 1890, and we assume that the court in quashing the information was guided by our views as expressed in *State v. Bach*, 25 Mo. App. 554, under which the information would have clearly been liable to the objection first above mentioned. Upon reconsideration of the question in *State v. Fare*, 39 Mo. App. 110, the case of *State v. Bach* was overruled, and we held that the offense against which the statute was leveled was the disturbance of the peace of a neighborhood, etc.; that the

The State v. Ramsey.

words of the statute were sufficiently descriptive of the offense, and that an information following the language of the statute was sufficient. The *Fare case* disposes of the first two objections to the information. See also *State v. Parker*, 39 Mo. App. 116.

The supreme court has decided that an information filed by the prosecuting attorney is filed on his official oath, and need not be verified. *State v. Ransberger*, 106 Mo. 135, 145.

It results from the foregoing that the information is sufficient, and that the court erred in quashing it. All the judges concurring, the judgment is reversed and the cause remanded.