STATE OF MISSOURI, RESPONDENT, v. FRANCES TYLER AND ALBERT TYLER, APPELLANTS.*

St. Louis Court of Appeals. Opinion filed November 8, 1927.

1.—Criminal Law—Motion for New Trial—Sufficiency. A motion for a new trial in a criminal case relying upon complaint as to the misreception of evidence and the giving and refusing of instructions generally, is insufficient under section 4079, Revised Statutes 1919, as enacted by Laws of 1925, p. 198.

2.—Disturbing the Peace—Evidence—Sufficiency. In a prosecution charging defendants with peace disturbance of a neighborhood under section 3494, Revised Statutes 1919, evidence that defendants used loud, profane and indecent language which could be heard generally in the neighborhood, held sufficient to sustain a conviction.

3.—Same—Same—Neighborhood Disturbance—Prima-facie Case. In a prosecution charging defendants with peace disturbance of a neighborhood

under section 3494, Revised Statutes 1919, if the testimony, regardless of the number of witnesses adduced by the State, tends to show such facts as will warrant a jury in finding that defendants' conduct amounted to a disturbance of a neighborhood, then the State has made a prima-facie case of a neighborhood disturbance.

*Corpus Juris-Cyc. References: Breach of the Peace, 9CJ, p. 392, n. 96; Criminal Law, 16CJ, p. 1218, n. 53 New.

Appeal from the Hannibal Court of Common Pleas.—Hon. Berryman Henwood, Special Judge.

AFFIRMED.

*J. W. Hays* and *W. H. Juett* for appellants.

*Ben Ely, Jr.,* Prosecuting Attorney, and *Walter G. Stillwell,* Assistant Prosecuting Attorney, for respondent.

DAUES, P. J.—This is a prosecution by information, charging defendants with peace disturbance of a neighborhood (in the city of Hannibal, Mo.), under section 3494, Revised Statutes 1919. Defendants were convicted and the jury assessed their fine at $10 each. Defendants appeal.

The first count of the information, upon which the State elected to go to trial, is examined and is held sufficient.

Appellants in their motion for new trial relied upon complaint as to the misreception of evidence and the giving and refusing of instructions generally. This is insufficient in a criminal case. [Section 4079, Revised Statutes 1919, as enacted by laws of 1925, page 198.] [See State v. Wright, 289 S. W. (Mo.) 646; State v. Booker, 295 S. W. (Mo. App.) 481; State v. Martin, 295 S. W. (Mo. App.) 543.]

Appellants' counsel in his brief concedes this, and now relies wholly upon the point that the evidence is not sufficient to sustain the judgment of conviction. To this we cannot agree. While it may be wondered why this case was not brought in the Police Court, yet it is not our providence to consider that matter. The State has enacted a general statute covering this crime, and there we must leave the prosecution.

The evidence adduced by the State, through many witnesses, is to the effect that defendants' language and conduct were profane, tumultuous and offensive, and particularly that defendants on repeated occasions used loud, boisterous and profane language to a disturbance of the neighborhood.

Witness Bounds testified that he lived about a hundred feet from defendants' home and across the alley from them, and that he heard

defendant Frances Tyler "swearing loud enough" for him to hear her distinctly at his home.

Another witness of the neighborhood, Mr. Price, stated that he, on another occasion, all in the time laid in the information, heard defendant Albert Tyler use "vile and profane language, language that was unbecoming to a gentleman." The language was then repeated by the witness, and suffice it to say, it was such as is considered profane and obscene in the extreme. On another occasion this witness heard Mrs. Tyler use loud, threatening language at night which could have been heard three hundred feet away.

Mrs. McKnight, who lived across the street, testified that she heard defendant Mrs. Tyler, in a loud and threatening manner, say: "If Mr. McKnight (husband of witness) puts his foot on the little street west of us she would kill him," and that if she met the witness on the street she would slap her and spit on her. This witness had lost her child by death, and witness testified that defendant Mrs. Tyler, in a loud voice, called a "curse" on her, expressing the wish that she might have another child so that it would die. This complete language is not set out, but it is such that the jury could well find it to be a disturbing language reaching the neighborhood, and, indeed, that it was the cruellest kind of language that could be employed against a bereaved mother. We need not set out more of the testimony, though there is more in the record of the same character.

The State's evidence is such as would well warrant the jury to find both defendants guilty as charged. There is really only one question in the case, as we see it, and that is whether, since the proof tends to show that the disturbing conduct occurred on different dates and it not being shown by direct testimony that the *whole* neighborhood was actually disturbed on any one occasion, a case was made under this particular statute.

We find but one Missouri case which is guiding in this respect, and that is the case of State v. Ferguson, 29 Mo. 416, l. c. 418, wherein it is held that to sustain a charge of this kind it is not necessary to prove that every individual composing the neighborhood was disturbed. The record abounds in testimony of witnesses to the effect that defendants used loud, profane and indecent language which could be heard generally in the neighborhood, and we have no doubt that the case made of a disturbance on either one of several occasions would have been sufficient to make a case for the jury for a neighborhood disturbance. As we understand the rule, it is that if the testimony, regardless of the number of witnesses adduced by the State, tends to show such facts as will warrant the jury in finding that the defendants' conduct amounted to a disturbance of the neighborhood, then the State has made a prima-facie case of a neighborhood disturbance.

On the whole record it is clear that the evidence is sufficient to warrant the jury in finding both defendants guilty as charged. Judgment affirmed. *Becker* and *Nipper, JJ.,* concur.